## IN THE UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.A., a minor, by her guardians and natural parents, JENNIFER ALLEBACH and BRIAN ALLEBACH, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : : | |
| UPPER PERKIOMEN SCHOOL DISTRICT, DUANE WICKARD, in his individual capacity and as an agent of the Upper Perkiomen School District Education Center, ARTHUR VIGILANTE, in his individual capacity and as an agent of the Upper Perkiomen School District Education Center, and TIMOTHY KIRBY Ph.D., in his individual capacity and as an agent of the Upper Perkiomen School District Education Center, | : : : : : : : : : : : | No. 11-2610 |
| Defendants. | : | |

**DuBOIS, J.**                                                                                      **JUNE 21, 2012**

## MEMORANDUM

This case arises out of the alleged sexual abuse of a minor, K.A., by Brian Miller, who, at the time of the alleged abuse, was a music teacher at Upper Perkiomen Middle School.  K.A., filed a Complaint on April 15, 2011, setting out sixteen claims against the school district and three of its administrators relating to the alleged abuse.  The first five of these claims were brought under 42 U.S.C. § 1983, and the balance were based on the common law of Pennsylvania.[1]

On April 27, 2011, this case was referred to United States Magistrate Judge M. Faith Angell.

---

[1] This Court has jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and exercises jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Defendants moved, on June 23, 2011, for dismissal of K.A.,'s state law claims, Counts V through XVI of the Complaint, for failure to state a claim and on immunity grounds.  On March 12, 2012, Judge Angell filed a Report and Recommendation ("R & R") (Docket No. 24) recommending that Upper Perkiomen School District's Motion to Dismiss be denied as to Counts V through X of K.A.,'s Complaint and granted as to Counts XI through XVI.  For the reasons discussed below, I will approve and adopt Judge Angell's R & R.

K.A., does not oppose dismissal of Counts XI through XVI.  Defendants' Motion to Dismiss is granted as to those counts.

Defendants have filed Objections to the R & R's recommendation that Counts V through X be dismissed.  Counts V through X involve allegations that Upper Perkiomen Middle School administrators Duane Wickard, Arthur Vigilante, and Timothy Kirby, acting in their individual and official capacities, willfully endangered K.A.,'s welfare by failing to take measures to protect her from Miller.  Judge Angell's R & R concludes that: (1) Counts V through X of K.A.,'s Complaint state causes of action under §§ 314A(4) and 324A of the Second Restatement of Torts, as adopted in Pennsylvania; and (2) K.A., has alleged facts sufficient to place her claims within the willful misconduct exception to the Pennsylvania Political Subdivision Tort Claims Act's ("PSTCA") grant of immunity to local agencies and their employees.

Defendants object to Judge Angell's second conclusion, arguing that because §§ 314A(4) and 324A encompass claims involving negligent performance of a duty, claims brought under those sections do not involve "willful misconduct" and the PSTCA therefore provides for categorical immunity from such claims.  The Court reviews *de novo* the portions of the R & R to which objection is made.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636.

The PSTCA provides that Pennsylvania municipal agencies and their officers acting in their official capacities are immune from liability for damages arising out of injuries to persons or property. 42 Pa. Cons. Stat. §§ 8541 and 8545.  There is an exception to immunity under the PSTCA where "the act of the employee caused the injury, and such act constituted a crime, actual fraud, actual malice, or willful misconduct." 42 Pa. Cons. Stat. § 8550.  The Pennsylvania Supreme Court has defined "willful misconduct" to mean that "the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue." *Evans v. Phila. Transp. Co.*, 212 A.2d 440, 443 (1965); *see also, Cornell Cos., Inc. v. Borough of New Morgan*, 512 F.Supp. 2d 238, 277 (E.D. Pa. 2007).

K.A., alleges that defendants willfully chose not to take action to protect her after receiving reports of the nature and extent of Miller's inappropriate conduct from several school district employees.  Defendants' choice not to act, if proven, may constitute willful misconduct.  That a violation of § 314A(4) or § 324A may be shown in the absence of willful misconduct is not relevant to the determination whether the PSTCA applies to shield defendants from liability based on the willful acts alleged in the present case: the willful misconduct exception contained in § 8550 is not defined in terms of the elements of the tort, but instead in terms of the "act" of the "employee."  *See*, 42 Pa. Cons. Stat. § 8550.  The R & R correctly concludes that K.A., has pled facts sufficient, on a motion to dismiss, to survive defendants' claim of immunity under the PSTCA.

Defendants also contend that the PSTCA precludes K.A., from recovering punitive damages. The PSTCA generally precludes recovery for punitive damages in suits against local agency employees acting in their official capacities.  *See*, 42 Pa. Cons. Stat. §§ 8549 and 8553(c).  However, pursuant to § 8550, these limitations do not shield defendants from personal liability where willful misconduct is

established.  *See,* 42 Pa. Cons. Stat. § 8550; *see also, Udujih v. City of Philadelphia*, 513 F.Supp.2d 350, 358 (E.D. Pa. 2007).[2]   K.A., has therefore pled facts sufficient to allege a claim for punitive damages against Wickard, Vigilante, and Kirby.

Accordingly, the Court approves and adopts Judge Angell's R & R.  An appropriate order follows.

---

[2] The court notes that § 8548, providing for the indemnification of local agency employees by their employers, does not apply where the employee's act that caused the plaintiff's injury constituted willful misconduct.  *See,* 42 Pa. Cons. Stat. § 8550; *Keenan v. City of Philadelphia*, 936 A.2d 566, 567-68 (Pa. Commw. Ct. 2007).